J-A01010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FREDERICK MUTUAL INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DN CONSTRUCTION, LLC, AND DN CONSTRUCTION COMPANY, LLC | : | No. 869 EDA 2023 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered April 2, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  170803465

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED APRIL 26, 2024**

DN Construction, LLC, and DN Construction Company, LLC (collectively, "DN Construction"), appeal from the order, entered in the Court of Common Pleas of Philadelphia County, granting, in part, and denying, in part, the motion for judgment on the pleadings filed by Appellee Frederick Mutual Insurance Company ("Frederick Mutual").  Upon our review, we vacate and remand for further proceedings.

On January 21, 2015, Luis Armando Jimenez Matute ("Decedent") was working on a construction site in Philadelphia where he fell and subsequently died from his injuries.  In March 2016, Decedent's personal representative filed a wrongful death action against DN Construction, Reobote Construction,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Inc. ("Reobote"), and other defendants allegedly connected to the construction site.

Prior to the incident in which Decedent sustained his injuries, DN Construction and Reobote had entered into a Contractor Agreement ("Agreement") dated January 16, 2015, which mandated that Reobote maintain "such insurance as will protect [Reobote] and [DN Construction] from claims for loss or injury which might arise out of or result from [Reobote's] operations under this project, whether such operations be by [Reobote] or by a subcontractor or its subcontractors."  Contractor Agreement, 1/16/15, at Article 7.

Frederick Mutual Insurance Company ("Frederick Mutual") issued insurance policy APP 2131053 ("Policy") to Reobote, providing certain liability coverage for claims caused by an "occurrence" and resulting in "bodily injury," which includes death.  Contractors Special Policy, undated, at 5 (Definitions), 9 (Principal Coverages).  The Policy also included two relevant endorsements. First, Endorsement AP 0337 10 05, regarding additional insured status, provided as follows:

> ADDITIONAL INSURED—OWNERS, LESSEES, OR CONTRACTORS—AUTOMATIC STATUS
>
> The Commercial Liability Coverage is amended as follows:
>
> 1. Under Definitions, the definition of "insured" is amended to include as an additional insured any person or organization for whom "you" are performing operations when "you" and that person or organization have agreed in a written contract or agreement that such person or organization be added to "your" policy as an additional insured.

Such person or organization is an additional insured only with respect to such person's or organization's liability for "bodily injury", "property damage", "personal injury", or "advertising injury" caused, in whole or in part, by:

a. "your" acts or omissions; or

b. the acts or omissions of those acting on "your" behalf;

in the performance of "your" ongoing work for the additional insured.

Declaratory Judgment Complaint, 9/1/17, at ¶ 22.

Second, Endorsement AP-FM 0010 PA, regarding excess insurance coverage for any person or organization named as an additional insured, provided as follows:

This endorsement modifies the insurance provided under the Commercial Liability Coverage Section of Contractors Special Policy AP-100 Ed. 2.0.

For any person or organization named as an additional insured by any endorsement, the following provision is added to Condition 2. **Insurance Under More than One Policy** of the Commercial Liability Coverage Section:

e. This insurance is excess over any other insurance naming the additional insured as an "insured" whether primary, excess, contingent[,] or on any other basis unless a written contract or written agreement specifically requires that this insurance be either primary or primary and noncontributing. All provisions of d. above apply if the additional insured's insurance is excess. However, if "you" have specifically agreed in a written contract or written agreement to provide the additional insured coverage on a primary or primary and noncontributory basis, this policy shall be primary and "we" will not seek contribution from the additional insured's insurance for any loss to which this insurance applies. All provisions of a. above apply if this insurance is primary and noncontributing.

*Id.* at ¶ 24 (emphasis in original).

Finally, the Policy provides that, "[w]hen this insurance is excess over any other insurance: 1) 'we' will have no duty to defend any claim or suit that any other insurer has a duty to defend." Contractors Special Policy, undated, at 20 (Conditions-Insurance Under More Than One Policy).

On September 1, 2017, Frederick Mutual filed a declaratory judgment action seeking, *inter alia*, a declaration that "the Reobote Policy is excess for DN Construction over other insurance available to DN Construction" such that Frederick Mutual has no duty to defend or indemnify DN Construction "until all such other insurance available to DN Construction is exhausted[.]" Declaratory Judgment Complaint, 9/1/17, at 12. On November 2, 2017, DN Construction filed an answer with new matter and counterclaim for declaratory judgment.

Following the close of pleadings, on March 1, 2018, Frederick Mutual filed a motion for judgment on the pleadings as to its declaratory judgment action, in which it averred that "[t]he DN Construction-Reobote Contract did not include any provision stating that the Reobote Policy would be primary or primary and noncontributing" and that, "the Reobote Policy would be excess to DN Construction's own Commercial General Liability Insurance Policy." Motion for Judgment on the Pleadings, 3/1/18, at ¶¶ 66, 67.

On March 21, 2018, DN Construction filed a response in opposition to Frederick Mutual's motion for judgment on the pleadings, averring that "[t]here is no evidence in this pleadings record of any other insurance that is available to DN [Construction]." Response in Opposition, 3/21/18, at ¶ 19.

DN Construction expanded upon this assertion in its brief in opposition to judgment on the pleadings, stating:

> Frederick Mutual contends that its policy is excess over some other policy of insurance that is not part of the record. Frederick Mutual apparently deems it unnecessary to support its position on the relative priority of its policy by inviting the [c]ourt to make unwarranted assumptions about DN's own insurance program. Indeed, if Frederick Mutual's position is correct that its policy is excess, Frederick Mutual could only possibly prove that it does not owe a duty to defend by establishing that another policy is primary to the Frederick Mutual policy and required to respond to defend. Since the only policy that is part of the pleadings record is the Frederick Mutual policy, judgment on the pleadings is plainly inappropriate.
>
> Even if the [c]ourt were to accept Frederick Mutual's contention that its policy is excess, Frederick Mutual's policy is not excess over any other policy because no other policies are part of the record. In other words, the [c]ourt can accept as true that the Frederick Mutual policy is excess but would be constrained on this record to conclude (1) that the Frederick Mutual [policy] occupies a primary position notwithstanding the excess policy endorsement because there is no other insurance and (2) the Frederick Mutual policy is still required to respond to defend because Frederick Mutual has not proven that any other policy is primary to the Frederick Mutual policy.

Memorandum of Law in Opposition, 3/21/18, at 31-32.

On April 2, 2018, the trial court entered an order finding that "[a]ny coverage which may be owed by [Frederick Mutual] is excess coverage, and [Frederick Mutual] has no obligation to defend and/or indemnify [DN Construction] until all other available insurance is exhausted." Trial Court Order, 4/2/18. In its opinion in support of its April 2, 2018 order, the court quoted the excess coverage endorsement to the Policy and reasoned:

[U]nless Reobote and its additional insured[, i.e. DN Construction,] agreed in writing that coverage under the Reobote policy would be primary or primary and noncontributing, the additional insured will not be afforded defense or indemnification from [Frederick Mutual] until the additional insured's own insurance policy is exhausted.

Here, there was no such written agreement between DN [Construction] and Reobote that called for the Reobote policy to be primary or primary and noncontributory. Therefore, this court gave effect to the clear and unambiguous language of the Reobote [p]olicy's "Other Insurance Endorsement for Additional Insured" provision and declared [Frederick Mutual] would only [be] obligated to provide coverage to DN [Construction] after all other policies available to DN [Construction] have been exhausted.

Trial Court Opinion, 5/18/18, at 3 (citation to record omitted).

DN Construction filed a motion for reconsideration, which the trial court denied. In 2018, and again in 2021, DN Construction filed appeals from the trial court's April 2, 2018 order, both of which were quashed on the basis that the order was a non-reviewable interlocutory order. *See Frederick Mut. Ins. Co. v. DN Construction*, 1362 EDA 2018 (Pa. Super. filed Oct. 3, 2018) (judgment order); *id.*, 394 EDA 2021 (Pa. Super. filed Jan. 5, 2022) (non-precedential memorandum decision). Subsequently, on March 15, 2023, the trial court entered summary judgment on the issues that remained outstanding, rendering the April 2, 2018 order final. *See* Pa.R.A.P. 341 (final order is one which disposes of all claims and all parties). Thereafter, DN Construction filed this timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. DN Construction raises the following claims for our review:

- 6 -

1. Did the trial court err in declaring that any coverage owed by Frederick is excess coverage, because the record at the judgment on the pleadings stage included no other insurance policy such that the trial court could not properly decide the priority of coverage?

2. Did the trial court prematurely decide Frederick Mutual's motion for judgment on the pleadings by declaring that coverage for DN [Construction] was excess, because DN [Construction] should have been afforded an opportunity to take discovery to support its position that it was entitled to primary insurance coverage from Frederick Mutual?

3. Did the trial court err in declaring the relative priority of the Frederick Mutual policy in relation to unspecified policies of other insurance before the parties had an opportunity to engage in discovery on that issue, including, without limitation, discovery related to the reasonable expectations of the insured?

Brief of Appellants, at 8 (renumbered for ease of disposition).

Entry of judgment on the pleadings is permitted under Pa.R.C.P. 1034[,] which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents.

. . .

Our scope and standard of review in appeals of a grant or denial of a motion for judgment on the pleadings is well-settled. This Court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto. We review to determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. We will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

*Donaldson v. Davidson Bros., Inc.*, 144 A.3d 93, 100–01 (Pa. Super. 2016) (citations omitted). Where a defendant has asserted a counterclaim, but the plaintiff moves for judgment on the pleadings only with respect to his own complaint, we may consider only the complaint, answer and new matter, and answer to new matter. *See Bata v. Central-Penn. Nat'l Bank*, 224 A.2d 174, 179 (Pa. 1966). Finally, where a party moves for judgment on the pleadings, "the burden is on the moving party to prove the non-existence of any genuine issue of fact[,] and . . . all doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party." *Lyman v. Boonin*, 635 A.2d 1029, 1032 (Pa. 1993).

Here, the underlying declaratory judgment action involves a priority of coverage dispute in which Frederick Mutual alleges that the Policy is excess to DN Construction's "other insurance" pursuant to the "Other Insurance" endorsement to the Policy. Frederick Mutual further asserts that DN Construction's failure to attach to its pleading a copy of its own policy, or even to set forth the terms of its own policy, were fatal to its case at the judgment on the pleadings stage. Frederick Mutual argues "DN Construction should have established the substance of the relevant writing at the pleadings stage, especially an insurance policy that named DN Construction as the insured." Brief of Appellee, at 14. Because DN Construction did not do so, Frederick Mutual contends that the trial court properly entered judgment on the pleadings.

Conversely, DN Construction argues that, because Frederick Mutual was the moving party in the declaratory judgment action, it bore the burden of proving that the Policy occupied an excess position. DN Construction asserts that an "other insurance" analysis "necessarily requires that a court compare the terms of the two (or more) insurance policies to determine which one provides primary, or dollar-one coverage—including defense costs, and which one provides excess coverage." Brief of Appellant, at 22. As such, in order to prevail at the judgment on the pleadings stage, Frederick Mutual was required to identify the policy under which DN Construction was allegedly primarily insured. Because it did not, the trial court erred in granting judgment on the pleadings. We agree.

> "Other insurance" exists where there are two or more insurance policies covering the same subject matter, the same interest, and against the same risk." **Harstead**[ **v. Diamond State Ins. Co**, 723 A.2d 179,] 182 [(Pa. 1999)]. "Other insurance" clauses act to limit an insurer's liability where there is another policy applicable to the claimed loss. **Id.** at 181. There are three general categories of "other insurance" clauses; these categories determine how liability is assigned in the case of concurrent coverage:
>
>> The first, a "pro-rata" clause, limits the liability of an insurer to a proportion of the total loss. The second, an "escape" clause, seeks to avoid all liability. The [t]hird, an "excess" clause[,] provides that the insurance will only be excess.
>
> **Hoffmaster**[ **v. Harleysville Ins. Co.**, 657 A.2d 1274,] 1276 [(Pa. Super. 1995)] (quoting **Carriers Ins. Co. v. American Policyholders' Ins. Co.**, 404 A.2d 216, 218 (Me. 1979)). "Other insurance" clauses are deemed mutually repugnant when they are irreconcilable and mutually exclusive; that is, following the express terms of one policy would be in direct conflict with the express dictates of another policy. **American Casualty Co. v. PHICO Ins. Co.**, [702 A.2d 1050,] 1053–54 [(Pa. 1997)]. Where

> two policies each purport to be excess over the other, such clauses are mutually repugnant; both must be disregarded and the insurers must share in the loss. ***Id.***; ***Hoffmaster***, ***supra***.

***Nationwide Ins. Co. v. Horace Mann Ins. Co.***, 759 A.2d 9, 11–12 (Pa. Super. 2000).

Implicit in the foregoing is that one insurance policy cannot be deemed as excess without comparing its "other insurance" provision to the terms of any other policy that might apply. Here, Frederick Mutual did not identify, state the relevant terms of, or attach to its complaint a copy of DN Construction's "other insurance" policy. Because it did not do so, it failed to demonstrate that it was entitled to judgment as a matter of law. Similarly, the trial court, basing its decision solely on the pleadings and relevant documents attached thereto, ***see Davidson***, ***supra***, could not properly decide whether the Policy was, in fact, excess. Indeed, the pleadings record does not support a conclusion that another policy even exists. Accordingly, we are constrained to conclude that the trial court erred in entering judgment on the pleadings in favor of Frederick Mutual.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>4/26/2024</u>